**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**
**Third Amended Plan**

DEBTOR: German Avila          JOINT DEBTOR:_____     CASE NO.: 15-10570-LMI
Last Four Digits of SS#  1379      Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of 60 months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

    A.    $ 2,043.00 for months 1 to 6; in order to pay the following creditors:
    B.    $ 2,128.00 for months 7 to 60; in order to pay the following creditors:

Administrative:    Attorney's Fee - $ 3650 + $1800 (MMM) = 5450 TOTAL PAID $ 1850
                     Balance Due $ 3600 payable $ 240/month (Months 1 to 15)

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. Specialized Loan Servicing, LLC
Address: 8742 Lucent Blvd #300    MMM Payment    $ 1,525.01/month (Months 1 to 6)
Highlands Ranch, CO 80129     TPP Payment     $ 1,601.51/month (Months 7 to 60)
Account No: 3623

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| None | $ | % | $ | ____ To ____ | |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. None           Total Due $_____
                  Payable $_____/month (Months __ to __) Regular Payment $____

Unsecured Creditors: Pay $ 73.69/month (Months 1 to 15) and Pay $ 313.69/month (Months 16 to 60).

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

"The debtor has filed a Verified Motion for Referral to MMM with Specialized Loan Servicing, LLC ("Lender"), loan number xxxx3623, for real property located at 15401 SW 144 Avenue Miami, FL 33177-1063 . The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local
Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than the required 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender. Until the MMM is completed and the Final Report of Mortgage Modification Mediator s filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections
to the proof of claim prior to confirmation of the plan or modified plan. If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage
Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the debtor receives any financial benefit from the lender as part of any
agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or

modify the plan accordingly. Page 13 of 15. If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the lender will be considered "treated outside the plan" and the lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim."

Other Provisions Not Included Above: None

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Robert Sanchez | |
|---|---|
| Attorney for Debtor | Joint Debtor |
| Date: 06/26/2015 | Date: |

LF-31 (rev. 01/08/10)